UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHEAL J. BESOYAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-46-KJM-EFB PS<br><br><br>ORDER |

      Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

      Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1    Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2    520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it
3    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5    (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of
6    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7    a cause of action's elements will not do.  Factual allegations must be enough to raise a right to
8    relief above the speculative level on the assumption that all of the complaint's allegations are
9    true."  *Id*. (citations omitted).  Dismissal is appropriate based either on the lack of cognizable
10   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12   In reviewing a complaint under this standard, the court must accept as true the allegations
13   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976),
14   construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the
15   plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy
16   the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2)
17   requires a complaint to include "a short and plain statement of the claim showing that the pleader
18   is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds
19   upon which it rests."  *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

20   Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only
21   those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*,
22   511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332,
23   confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction
24   requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a
25   "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be
26   authorized by a federal statute that both regulates a specific subject matter and confers federal
27   jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity
28   jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint alleges that plaintiff was the previous owner of real property located at 7744 Nelson Ln., Citrus Heights, California (the "property"). *Id*. In 2008, the home on the subject property was destroyed by arson. *Id*. at 2. Plaintiff, however, continued to live on the property despite the absence of a home. *Id*. Plaintiff alleges that in 2015, the Citrus Heights Police Department seized the property and excluded him from entering the premises. *Id*. He further claims that the "property was stolen and sold to other private citizens based on fraudulent tax claims, biased opinions and property values criminally jacked up 25 [times] acceptable assessment standards." *Id*. As far as the court can discern, plaintiff appears to contend that the County of Sacramento wrongfully foreclosed on his property based on disputed tax liens.

The complaint purports to assert claims pursuant to 42 U.S.C. § 1983 against sixty defendants, including the County of Sacramento; the Sacramento County Board of Supervisors; the Sacramento County Assessor's Office and several of its employees; the Sacramento County Sherriff's Department and several of its deputies; the Sacramento County Superior Court and several individuals that work for that court; as well as several individuals whose relation to the alleged facts is unclear. ECF No. 1-2. Plaintiff claims that the defendants violated his constitutional rights protected by the First, Fourth, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution. The complaint also makes reference to 42 U.S.C §§ 1981, 1982, 1985(3) and 18 U.S.C. §§ 1341, 1343, 1621, 3612. ECF No. 1 at 1.

The allegations in plaintiff's complaint are too vague and conclusory to state a section 1983 claims against any of the numerous defendants. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual

3

defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff fails to allege the specific facts that support a violation of each particular violation of his constitutional rights. He also fails to identify which defendant he believes are responsible for each specific violation. Indeed, many of the defendants are only identified in the complaint's caption and are never referenced in the body of the complaint. Moreover, it is not entirely clear whether all of the named defendants are state actors. For instance, Gloria P. Martinez-Senftner—one of the few defendants referenced in the body of the complaint—is alleged to be a "court officer" employed by the Martinez Business & Immigration Law Group. ECF No. 2. To the extent plaintiff believes Ms. Martinez-Senftner's admission to the California State Bar renders her a state actor, he is mistaken. *See Polk v. County of Dodson*, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his or her function as counsel).

The complaint also purports to allege claims under section 1983 against municipal entities and county defendants acting in their official capacity. A municipal entity or its departments (such as a county, a county jail, or a county employee acting in an official capacity) is liable under section 1983 only if a plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). The complaint is devoid of any

/////

1  allegations establishing that plaintiff suffered a constitutional injury on account of a municipal
2  custom or policy.

3        Plaintiff also cites to 42 U.S.C. §§ 1981, 1982, and 1983(3). Section 1981 "protects the
4  equal right of all persons within the jurisdiction of the United States to make and enforce
5  contracts without respect tor ace." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474-75
6  (2006) (internal quotations omitted). Section 1981 "creates a cause of action only for those
7  discriminated against on account of their race or ethnicity." *Johnson v. Riverside Healthcare*
8  *System*, LP, 534 F.3d 1116, 1123 (9th Cir. 2008); *see White v. Wash. Pub. Power Supply Sys.*,
9  692 F.2d 1286, 1290 (9th Cir. 1982) (holding that it is "well settled that section 1981 only
10 redresses discrimination based on plaintiff's race"); *Longariello v. Phoenix Union High School*
11 *Dist.*, 2009 WL 4827014, at *5 (D. Ariz. Dec.15, 2009) (granting motion to dismiss Section 1981
12 claim because complaint did not allege that the plaintiff was a member of a racial minority).

13       To state a claim under section 1982, a plaintiff must allege that (1) [he] is a member of a
14 racial minority; (2) [he] applied for and was qualified to rent or purchase certain property or
15 housing; (3) [he] was rejected; and (4) the housing or rental opportunity remained available
16 thereafter. *Phifer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980).

17       Section 1985(3) creates a civil action for damages caused by two or more persons who
18 "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the
19 laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act
20 in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). The elements of a §
21 1985(3) claim are: (1) the existence of a conspiracy to deprive the plaintiff of the equal protection
22 of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred*
23 *Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th
24 Cir. 1998)). The first element requires that there be some racial or otherwise class-based
25 "invidious discriminatory animus" for the conspiracy. *Bray v. Alexandria Women's Health*
26 *Clinic*, 506 U.S. 263, 268-69 (1993); *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir. 1985).
27 Moreover, a plaintiff cannot state a conspiracy claim under § 1985 in the absence of a claim for
28 deprivation of rights under 42 U.S.C. § 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175,

1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817, (1989).

Plaintiff does not allege that he is a member of a racial minority, nor any facts suggesting racial discrimination by any defendants. Accordingly, plaintiff fails to allege a violation of sections 1981, 1982, and 1983(3).

Plaintiff also purports to allege claims for violations of 18 U.S.C. §§ 1341, 1343, and 1621. Those criminal statutes do not create a civil right of action. *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (finding no private right of action under 18 U.S.C. § 1341); *Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974) (finding no private right of action under § 1343); *Roemer v. Crow*, 993 F. Supp. 834, 837 (D. Kan. 1998) (Section 1621 does not provide a civil right of action for damages), *aff'd by* 162 F.3d 1174 (10th Cir. 1998).

Lastly, the complaint also makes reference to a state court judgment related to foreclosure of the property, which plaintiff describes as a "void judgment." ECF No. 1 at 2. Plaintiff appears to contend that the judgment is void because it was based on fraudulent testimony and insufficient evidence. *Id*. To the extent plaintiff seeks to assert claims challenging that judgment in this court, he is barred from doing so under the Rooker-Feldman doctrine.

Under the Rooker-Feldman doctrine, a federal district court does not have subject-matter jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The Rooker-Feldman doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). Rooker-Feldman thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n. 4. The

6

district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291–92 (9th Cir.1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13.

Accordingly, the complaint must be dismissed for failure to state a claim. Plaintiff, however, is granted leave to file an amended complaint, if he can allege a cognizable legal theory and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.

Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: January 26, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE